UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRIAN R ZELENAK** | **CASE NO. 2:24-CV-01803** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BEAUREGARD ELECTRIC COOPERATIVE INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court are Motions to Dismiss [docs. 40, 42] filed under Federal Rule of Civil Procedure 12(b)(6) by, respectively, defendant Beauregard Electric Cooperative, Inc. ("BECi") and defendants Thomas Cryar, J.R. Hickman, and Douglas Sonnier, in response to the Amended Complaint [doc. 37] filed by plaintiff Brian Zelenak. Plaintiff opposes both motions. Doc. 45.

## I.
### BACKGROUND

This suit arises from plaintiff's employment with BECi, a regional utility cooperative in Southwest Louisiana. BECi is governed by a nine-member Board of Directors, which included at all relevant times defendants Cryar, Hickman, and Sonnier. Plaintiff was hired as general manager of BECi under a two-year contract in January 2024 and terminated "for cause" five months later. The remaining factual background is provided in the court's previous ruling [doc. 35] and incorporated here by reference.

Plaintiff filed suit in this court on December 30, 2024, raising claims of breach of employment contract, retaliation, breach of implied duty of good faith and fair dealing, and

failure to pay timely wages due against BECi. Doc. 1. He also raised claims of defamation against board members Cryar, Hickman, and Sonnier. *Id.* Defendants moved to dismiss certain claims and the court granted the motions, dismissing the claims for retaliation and defamation with leave to amend. Doc. 35. Plaintiff then filed his amended complaint. Doc. 37. Defendants maintain that the amendments do not cure the deficiencies identified in the court's previous ruling and again move for dismissal. Docs. 40, 42. Plaintiff opposes the motions. Doc. 45.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

### 1. Retaliation

Plaintiff raises his retaliation claim under the Louisiana Whistleblower Statute ("LWS"), which protects employees against reprisals from employers when they report or refuse to participate in illegal workplace practices. *Accardo v. La. Health Servs. & Indent. Co.*, 943 So.2d 381, 383 (La. Ct. App. 5th Cir. 2006). The statute states, in relevant part:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising an employee of the violation of law:
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. R.S. 23:967. A plaintiff under this statute must prove an actual violation of state law. *Accardo*, 943 So.2d at 383–84; *Puig v. Greater New Orleans Expressway Comm'n*, 772 So.2d 842, 845 (La. Ct. App. 5th Cir. 2000); *Hale v. Touro Informary*, 886 So.2d 1210, 1214 (La. Ct. App. 4th Cir. 2004); *see also Kell v. Iberville Bank*, 352 F.Supp.3d 650, 661 (E.D. La. 2018) (in contrast to federal whistleblower protections, which extend to those making good faith reports, Louisiana whistleblower statute "is only available to plaintiffs who know of an actual violation of state law.").

"In addition to being an actual violation of state law, the violation of state law must be a workplace act or practice that can be attributed to the employer rather than a rogue co-employee." *Sonnier v. Diversified Healthcare-Lake Charles, LLC*, 364 So.3d 1213, 1233 (La. Ct. App. 3d Cir. 2023) (citing *Ladd v. Law Enforcement Dist. for Par. of Orleans*, 350 So.3d 962 (La. Ct. App. 4th Cir. 2022)). The bad acts of a co-employee may be attributed to the employer under the LWS if the employer condones or authorizes them. *Id.*; *Richardson v. Axion Logistics, LLC*, 780 F.3d 304, 306–07 (5th Cir. 2015).

Plaintiff alleged retaliation because he was terminated after making a report to the board in January 2024, in which he complained of the actions of certain individual directors. But he admitted that "[t]he power to act on behalf of the Cooperative is given, not to individual Directors, but by the Directors acting in concert as a Board of Directors." Doc. 1, ¶ 23. He did not allege that the board as a whole knew of, condoned, or authorized the bad acts of individual directors before he made his report. Accordingly, the court dismissed the claim with leave for plaintiff to amend if he could provide sufficient allegations to show that the actions he reported were attributable to BECi.

In opposition to the original motions to dismiss, Plaintiff argued for employer liability on the basis of *respondeat superior* and analogized this matter to *Cox v. Moses*, 2010 WL 2952716 (M.D. La. Jul. 23, 2010) (Dalby, M.J.), which handled a claim under the Louisiana Environmental Whistleblower Statute ("LEWS"). The court rejected the analogy. Doc. 35, p. 8 & n. 3. Plaintiff now posits that *Sonnier*, supra, supports his position that employer knowledge is required because the court found that "the '**trial court did <u>not</u> err in concluding that the forging of patient records was a workplace act or practice**

*attributable to LCCC*" in light of evidence that it was 'commonplace' for the director of nursing to instruct subordinate employees to alter patient records." Doc. 45, p. 10 (quoting *Sonnier*, 364 So.3d at 1233) (emphasis in plaintiff's brief). But, as defendants note, the employees were instructed by the Director of Nursing, a managerial employee whom plaintiff alleged was an authorized agent of the employer (a nursing home). Here, as previously established, only the Board of Directors acting in concert can bind the cooperative. Plaintiff asserts that, merely because the individual directors were high-ranking officials, their unlawful acts undertaken within the course and scope of their employment are attributable to the employer. The court disagrees.

Plaintiff also offers new allegations purporting to show that the individual directors' actions are attributable to BECi. Namely, he asserts:

> Upon good information and belief, many, if not all of the BECi Board members had actual knowledge of the listed allegations for several months, if not years, prior to Plaintiff coming forward with the allegations on January 11, 2024. Additionally, at least three of the Board members had actual knowledge of the acts alleged, given that they were the perpetrators of said actions and necessarily had knowledge of the same. **Furthermore, the Directors' illegal acts were so pervasive and/or well-known that even non-managerial BECi employees were aware of the same. As such, beyond the actual knowledge expressly pled herein, there was at a minimum sufficiently pervasive and/or well-known activities that all board members should have known of the illegal acts.**

Doc. 37, ¶ 41 (emphasis added). Despite this actual or constructive knowledge, plaintiff maintains, "not a single BECi Board member" ever took steps "to address the allegations with the offending Board members at any time prior to January 11, 2024," thereby condoning and/or otherwise ratifying the behavior of the offending judges. *Id.* at ¶ 42.

Louisiana courts have held that an employee's illegal acts may be attributed to the employer when the employer condones them. *Sonnier*, 364 So.3d at 1213 (citing *Ladd*, 350 So.3d 962). An employer condones or authorizes an employee's illegal activity when it has notice of same and covers up the activity or refuses to investigate it. *Trautenberg v. Hutson*, 2025 WL 592777, at *3 (E.D. La. Feb. 24, 2025). Accordingly, plaintiff has plausibly satisfied this element of his claim. He has further alleged that the actions reported, which he asserts were so open and notorious that all board members must have been aware of them, amounted to violations of Louisiana law, including theft, cyberstalking, and breaches of the fiduciary duties of offices and directors of nonprofit corporations under La. R.S. 12:226. *Id.* at ¶ 128. The motion to dismiss will be denied as to this claim. The court stresses, however, that plaintiff can only succeed by showing actual or constructive knowledge on the part of **all** board members, and an ensuing failure to investigate, as to specific illegal actions of BECi employees.

2. **Defamation**

"Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name." *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004). The elements of a defamation claim are: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Id.* (internal quotations omitted). Thus, in order to prevail, a plaintiff must show "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused the plaintiff damages." *Sassone v. Elder*, 626 So.2d 345, 350 (La. 1993). "A pure statement of opinion,

which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts, usually will not be actionable in defamation." *Bussie v. Lowenthal*, 535 So.2d 378, 381 (La. 1988). Instead, "an expression of opinion is actionable only if it implies the existence of underlying facts ascertainable by a reasonable person with some degree of certainty, and the implied factual assertions are false, defamatory, made with actual malice, and concern another." *Fitzgerald v. Tucker*, 737 So.2d 706, 717 (La. 1999).

Plaintiff complained of certain statements made by the individual defendants on their Facebook accounts. The court determined that he could not show defamation, in that certain statements, such as their representation of his working schedule, were not demonstrably false and others, such as their representations of his policy positions, were not defamatory even if plaintiff denied ever taking such positions or that defendants' statements amounted to unfair characterizations. Plaintiff's amended complaint merely presents further arguments in support of the defamatory nature of those statements, but the court finds no basis to reconsider its original ruling. Accordingly, the claims against the individual defendants will be dismissed.

## III.
### CONCLUSION

For the reasons stated above, the Motions to Dismiss [docs. 40, 42] will be **DENIED** as to the claim for retaliation under the Louisiana Whistleblower Statute and **GRANTED** as to the defamation claims. Accordingly, all claims against defendants Cryar, Hickman, and Sonnier will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 18th day of July, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**